# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | 4-14-08 |
|---|---|---|---|
| CASE NUMBER | 07 C 6507 | DATE | 4-14-08 |
| CASE TITLE | | Amin Jumah #16819-424 v. United States of America: Drug Enforcement Administration | |

**DOCKET ENTRY TEXT:**

Plaintiff has now paid the full $350 filing fee. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A based on the ruling in *U.S. v. Jumah*, 493 F. 3d 868 (7th Cir. 2007). Plaintiff is given 30 days to show cause why this dismissal should not be with prejudice. He must inform the court whether or not the ruling in that case has been overruled or otherwise modified such that plaintiff's allegation that he is an informant for the DEA is still a valid claim. He must also address the other issues raised in this order. Failure to do so within 30 days will result in this decision becoming a dismissal with prejudice.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    The plaintiff, a federal prisoner, has brought this *pro se* civil rights action alleging that he has worked for various federal agencies, including the Drug Enforcement Administration ("DEA"), as an informant in criminal cases. He claims that in three cases on which he worked, he was not paid, even though he claims to have had a contract with that agency. He asks this court's assistance to obtain his payments under these contracts. He does not provide any contracts with his complaint, although he states that he is willing to provide them if asked.

    The court finds that the plaintiff is has now paid the full $350 filing fee. However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law. In *U.S. v. Jumah*, 493 F. 3d 868, 870 (7th Cir. 2007), an appeal from Mr. Jumah's criminal conviction before this court, the appellate court addressed the issue of Mr. Jumah's status as an informant for the DEA, and stated as follows:

(CONTINUED)

stc

**STATEMENT (continued)**

"Mr. Jumah was a confidential source for the federal Drug Enforcement Administration ("DEA"). In that role, Mr. Jumah had assisted the DEA in a number of investigations into the trafficking of pseudoephedrine, a chemical used to produce methamphetamine. He had been compensated for his services. Eventually, the DEA found that Mr. Jumah no longer was providing useful information and, in late 2002, terminated his status as a confidential source. Mr. Jumah received his last payment from the DEA in March 2003. However, after that date, he continued to approach the DEA regarding payment for past information." The court went on to say that Mr. Jumah approached someone who was himself a confidential source for the DEA. That person passed along the information to a DEA agent, with whom Mr. Jumah had worked prior to his termination as a confidential source and Mr. Jumah continued to contact that agent about payment for past information. The court further stated that the agent had not asked Mr. Jumah to initiate any deals during the period in question, further showing that he had been terminated as a confidential source.

Mr. Jumah filed the current case on November 16, 2007, several years after his arrangement ended with the DEA, according to *U.S. v. Jumah*. As mentioned in that case, Mr. Jumah once again raises issues of payment for the past 12 years, although the Seventh Circuit has already found that his payments were made and completed by March, 2003. Therefore, unless Plaintiff can show to this court that since that appellate court ruling, he has been reinstated as an informant and is owed money for contracts he has entered with the DEA since that time, he will be unable to proceed further in this case. It appears that without any additional information, that Seventh Circuit case is *res judicata* on the issue of payment from the DEA to Mr. Jumah. He cannot now re-litigate his claim that he is an informant owed money from the DEA.

It is also unclear to this court at this stage, whether any claims that Mr. Jumah may have should have been brought in the criminal cases in which he claims to be an informant. Discussions of payment to an informant, and the role generally of informants appears quite frequently in criminal cases in order to allow Defendants in such cases to cross examine informants testifying against them. *See* for example, *U.S. v. Diaz*, 876 F. 2d 1344, 1348 (7th Cir. 1989), where the court discussed payment of an informant in the criminal case. And further, Plaintiff has failed to allege that he has followed the procedures required pursuant to the Federal Tort Claims Act prior to bringing his claim in this court, or why that act does not apply. 28 U.S.C. § 2671, *et seq.*

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. However, this dismissal is without prejudice at this time. Plaintiff is given 30 days to show cause why this dismissal should not be with prejudice. Plaintiff must provide information showing that since the 7th Circuit decision in *U.S. v. Jumah*, he has been reinstated as an informant and is owed money for the three cases he refers to in the instant case. Failure to do so will result in this dismissal becoming with prejudice.