Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6507 | DATE | 6-30-08 |
| CASE TITLE | Jumah (#16819-424) vs. United States of America | | |

**DOCKET ENTRY TEXT**

Plaintiff is given leave to submit an amended complaint within 30 days of this order. The amended complaint must include the relief sought. Plaintiff must affirmatively plead if he is seeking greater or less than $10,000. If Plaintiff does not submit an amended complaint within 30 days of this order, the case will be dismissed with prejudice. Plaintiff's motion for order for copies [19] is denied. Plaintiff's motion in response to court order [17] is terminated as a pending motion. Document [17] is Plaintiff's response to the Court's order.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Amin Jumah, filed suit against the Drug Enforcement Administration ("DEA") of the United States of America, alleging that the DEA owes him money for work he engaged in as a confidential informant. Plaintiff's compliant stated that he had documents, including a contract, to support his claims, but he did not include any documents with his complaint. Further, Plaintiff's complaint did not indicate what type of claim he was bringing, statutory or otherwise. On April 14, 2008, the Court, upon initial review pursuant to 28 U.S.C. § 1915A, dismissed Plaintiff's complaint without prejudice for failure to state a claim. The Court also ordered Plaintiff to show cause why the suit should not be dismissed with prejudice.

Plaintiff has responded to the Court's order (improperly identifying the response as a motion). In his response, Plaintiff includes a "contract" between himself and the DEA for the time period of October 11, 2002, until October 11, 2003. Plaintiff also includes other documentation supporting his allegation that he was a paid confidential informant for an operation known as "Northern Star" and that he customarily received twenty percent of the amount seized in an operation. Based on the additional information and documentation that Plaintiff has provided, Plaintiff appears to be bringing a breach of contract claim. The additional information and documentation sufficiently clarifies Plaintiff's claim that Plaintiff is granted leave to submit an amended complaint within 30 days of this order.

However, because Plaintiff is bringing a breach of contract claim against the United States, jurisdiction may not lie in this Court. The Tucker Act vests the Court of Claims with exclusive jurisdiction over breach of contract claims brought against the United States seeking more than $10,000. *See* 28 U.S.C. §§ 1346(a), 1491; *Midwest Knitting Mills, Inc. v. United States*, 950 F.3d 1295, 1301 (7th Cir. 1991). Plaintiff's complaint does indicate the amount for which he believes he is entitled under the contract for the "Northern Star" operation. The included documentation also does not indicate the amount seized in the "Northern Star" operation, but Plaintiff does state that it resulted in the arrest of over 65 individuals in ten cities, suggesting a substantial seizure.

Based on above, Plaintiff is given leave to submit an amended complaint within 30 days of this order.

## STATEMENT

The amended complaint must include the relief sought. *See* Fed. R. Civ. P. 8(a)(3). While Plaintiff may not know the exact amount he believes he is entitled to, the amended complaint must be sufficiently pled to enable the Court to determine if jurisdiction lies in this Court. As such, Plaintiff must affirmatively plead if he is seeking greater or less than $10,000. If Plaintiff does not submit an amended complaint within 30 days of this order, the case will be dismissed with prejudice.

Plaintiff has also filed a motion for order of copies, seeking the Court provide all future copies of pleadings and documents that he is required to file. Plaintiff's motion for copies is denied. *In forma pauperis* status only waives prepayment of the filing fee. It does not entitle Plaintiff to copying expenses.